

PREET BHARARA
United States Attorney for the
Southern District of New York
By: MICAH W. J. SMITH
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2439

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA         :    VERIFIED COMPLAINT

       - v. -                    :    13 Civ.

$57,949.00 IN UNITED STATES      :
CURRENCY,
                                 :
              Defendant-in-rem.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff United States of America, by its attorney, PREET BHARARA, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

## I. NATURE OF THE ACTION

1.     This action is brought by the United States of America pursuant to 21 U.S.C. §§ 881(a)(6), seeking the forfeiture of $57,949.00 in United States currency (the "Defendant-in-rem"), on the ground that the Defendant-in-rem constitutes moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange.

## II. JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

1

3. Venue is proper under 28 U.S.C. §§ 1355(b) and 1395(b) because acts and omissions giving rise to the forfeiture took place in the Southern District of New York and because the Defendant-in-rem was found and seized in the Southern District of New York.

4. The Defendant-in-rem is currently in the custody of the United States Marshals Service.

### III. PROBABLE CAUSE FOR FORFEITURE

5. An investigation regarding moneys furnished or intended to be furnished in exchange for a controlled substance was conducted by officers of the New York Police Department ("NYPD"), agents of the Federal Bureau of Investigation (the "FBI"), and other law enforcement agencies. The information set forth in paragraphs six through seven, below, is based on this investigation.

6. On a routine patrol on or about December 14, 2012, NYPD officers conducted a stop of a livery cab for a traffic violation in the Bronx, New York. At the time of the stop, Andrew M. Maucieri ("Maucieri") was seated in the rear of the cab.

7. Upon stopping the vehicle, NYPD officers observed Maucieri placing an object into his jacket pocket. An NYPD officer questioned Maucieri who stated that he had drugs on him and thought that NYPD officers were following him. At this time, Maucieri was placed under arrest and searched by NYPD officers who seized one ziplock bag containing crack cocaine, and three glass pipes containing cocaine residue on his person. NYPD officers also seized a duffle bag in Maucieri's possession that contained the Defendant-in-rem.

8. On or about January 15, 2013, the Defendant-in-rem was adopted and transported to the FBI for processing.

9. Subsequently, the FBI began its administrative forfeiture proceedings against the Defendant-in-rem.

10. Thereafter, Maucieri submitted a claim for the Defendant-in-rem with the FBI (the "claim"), wherein he stated he is the owner of the Defendant-in-rem and that the Defendant-in-rem was obtained through legal and legitimate sources.

IV. CLAIM FOR FORFEITURE

11. The allegations contained in paragraphs one through ten of the Complaint are incorporated herein.

12. Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such property.

13. The Defendant-in-rem is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

14. By reason of the above, the Defendant-in-rem became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant-in-rem and that all persons having an interest in the Defendant-in-rem be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant-in-rem to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       November 6, 2013

>PREET BHARARA
>United States Attorney for the
>Southern District of New York
>Attorney for the Plaintiff
>United States of America
>
>By: _____
>MICAH W. J. SMITH
>Assistant United States Attorney
>One St. Andrew's Plaza
>New York, New York 10007
>Telephone: (212) 637-2439

## VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

GREGORY A. COLEMAN, being duly sworn, deposes and says that he is a special agent with the Federal Bureau of Investigation, that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

The sources of deponent's information and the grounds of his belief are official records and files of the Federal Bureau of Investigation and the United States, and discussions with and documents prepared by other law enforcement officers.

_____
GREGORY A. COLEMAN

Sworn to before me this
7th day of November, 2013

_____
NOTARY PUBLIC

KEVIN C. GORMAN
Notary Public, State of New York
No. 02GO6161201
Qualified in WESTCHESTER County
Commission Expires FEBRUARY 20, 2015

5