UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————x
UNITED STATES OF AMERICA,

                Plaintiff,

    -     against    -

$57,949.00 IN UNITED STATES
CURRENCY,

                Defendant-in-rem.
——————————————————————————x

13 Civ. 7949 (TPG)

**STATEMENT PURSUANT TO RULE G OF THE SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS**

**ANDREW R. MAUCIERI**, being duly sworn, deposes and says:

    1.    I am the Claimant in this matter and submit this Statement Pursuant to Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims.

    2.    I have an ownership and/or possessory interest in the approximately $90,000 seized from me on or about December 14, 2012 by members of the New York City Police Department (NYPD), including the $57,949.00 in U.S. currency ("the property"), which is the subject matter of this action.

    3.    According to the complaint in this case ("the complaint"), after seizure, the property was turned over for forfeiture proceedings to the Federal Bureau of Investigation ("FBI") on January 15, 2013.  (Complaint ¶ 8).

    4.    The property should be returned to me because it was not and is not subject to seizure or forfeiture pursuant to 18 U.S.C. § 881(a)(6), as alleged in the complaint.  The property is the proceeds of lawful activity and is not the proceeds of any illegal activity, and I did not use or intend to use the property to facilitate any illegal activity.

5.      The complaint recites the boilerplate statutory language that the property was "furnished or intended to be furnished in exchange for a controlled substance and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange." (Complaint ¶ 13) Yet, no facts whatsoever are alleged anywhere in the complaint to support this boilerplate language.  The lone 'connection' between me and drugs stated in the complaint is that, while I was riding as a passenger in a livery cab, the NYPD seized from me "one ziplock bag containing crack cocaine, and three glass pipes containing cocaine residue." (Complaint ¶ 7)

6.      Further, although the complaint states that "[a]n investigation regarding moneys furnished or intended to be furnished in exchange for a controlled substance was conducted by officers of the . . . NYPD, agents of the . . . FBI, and other law enforcement agencies" (Complaint ¶ 5), the seizure from me was not the result of such an investigation.  The government concedes that in the very next paragraph of the complaint, where it states: "On a routine patrol on or about December 14, 2012, NYPD officers conducted a stop of a livery cab for a traffic violation in the Bronx, New York." (Complaint ¶ 6) And in the *next* paragraph, the complaint states that the only reason *I* – the passenger in the back seat of the cab – was arrested is because I told the police officers that I had drugs on me.  (Complaint ¶ 7).  So, regardless of the complaint's inclusion of boilerplate language, none of that language applies to this case.

7.      In addition, notably absent from the complaint is the result of my

arrest at the time of the seizure. Of course, as the Court may have already guessed, the reason for this total void is that the charges was dismissed. Outright. No conditions. Accordingly, the result of my arrest does not support *any* of the boilerplate allegations in the complaint.

        8.    In addition, in light of the above, *any* forfeiture would be grossly disproportionate to alleged illicit activity and would be barred under the Excessive Fines Clause of the Eighth Amendment to the Constitution.

        9.    This statement and claim is made is good faith and is not frivolous.

        10.    This statement and claim has been made within the time prescribed by law.

        **WHEREFORE**, I, Andrew R. Maucieri, hereby demand the immediate return of my property and/or its release from seizure and the lifting of all restraints on my property.

*(signature)*
**ANDREW R. MAUCIERI**

Sworn to before me this
12 day of December, 2013

*(signature)*
Notary Public

STEVEN L. KESSLER
Notary Public, State of New York
No. 03-4688840
Qualified in Westchester County
Commission Expires February 28, 2014

3

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

      I, **ANDREW R. MAUCIERI,** declare under penalty of perjury that the statements set forth in the attached Statement are true and correct to the best of my knowledge, information and belief.

_____
**ANDREW R. MAUCIERI**

Sworn to before me this
12th day of December, 2013

_____
Notary Public

STEVEN L. KESSLER
Notary Public, State of New York
No. 03-4688840
Qualified in Westchester County
Commission Expires February 28, 2014

4