UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x
UNITED STATES OF AMERICA,

                Plaintiff,

       -     against    -

$57,949.00 IN UNITED STATES
CURRENCY,

                Defendant-in-rem.

       -     and    -

ANDREW R. MAUCIERI,

                Third Party Claimant.
————————————————————————x

13 Civ. 7949 (TPG)

**VERIFIED ANSWER
with COUNTERCLAIM
AND JURY DEMAND**

       Claimant **ANDREW R. MAUCIERI** ("Claimant"), by his attorney Steven L. Kessler, as and for his Verified Answer to plaintiff's Verified Complaint ("the complaint"), alleges as follows:

       1.    With respect to the allegations set forth in paragraph "1", admits that the defendant currency was seized from Claimant, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the nature of this action or its purported statutory authorization, refers to the statutes cited therein for the substance thereof, and otherwise denies the allegations set forth in paragraph "1".

       2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2."

       3.    Denies knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph "3."

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4".

5. With respect to the allegations set forth in paragraph "5", denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's basis for commencing this action, notes that allegations in paragraph "5" contradict those in paragraph "6", refers to the statutes cited therein for the substance thereof, and otherwise denies the allegations set forth in paragraph "5".

6. With respect to the allegations set forth in paragraph "6", notes that allegations in paragraph "6" contradict those in paragraph "5", denies knowledge or information sufficient to form a belief as to the basis of the stop of the livery cab, admits that Claimant was seated in the rear of the cab at the time of the stop, and otherwise denies the allegations set forth in paragraph "6".

7. With respect to the allegations set forth in paragraph "7", denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding any observations made by individuals at the time of the stop, admits that Claimant spoke to an individual who identified himself as a police officer, but denies knowledge or information sufficient to form a belief as to the specifics of any discussions with any officer, admits that Claimant was placed under arrest and searched, admits that items were taken from Claimant, including about $90,000 in cash which was in a closed

duffle bag, notes that allegations in paragraph "7" contradict those in paragraph "5", and otherwise denies the allegations set forth in paragraph "7".

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8".

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9".

10. Admits the allegations set forth in paragraph "10".

11. Repeats and realleges the responses previously made with respect to the allegations set forth in paragraphs "1" through "10", as if fully set forth herein.

12. With respect to the allegations set forth in paragraph "12 refers to the statutes cited therein for the substance thereof, and otherwise denies the allegations set forth in paragraph "12.

13 With respect to the allegations set forth in paragraph "13 refers to the statutes cited therein for the substance thereof, and otherwise denies the allegations set forth in paragraph "13.

14. With respect to the allegations set forth in paragraph "14", refers to the statutes cited therein for the substance thereof, and otherwise denies the allegations set forth in paragraph "14", but notes that the complaint fails to specify any alleged facts purportedly connecting the defendant funds to illegal activity or justifying the forfeiture of the funds.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. The Court lacks subject matter jurisdiction over the defendant property.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16. The complaint fails to state a cause of action upon which Plaintiff's requested relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17. Plaintiff's complaint is legally insufficient in that Plaintiff has failed to plead with particularity any factual allegations to support a claim or reasonable inference that Claimant's property is subject to forfeiture under and as required by 21 U.S.C. § 881, 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1955(d) or any other applicable federal law or statute.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18. The search of Claimant resulting in the seizure of the defendant property lacked probable cause. Accordingly, Claimant's property was seized in violation of his right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and is not subject to forfeiture.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19. The turnover of Claimant's property from local law enforcement to federal authorities lacked any basis in law or fact and thus the property is not subject to the jurisdiction of this Court under any forfeiture statute or any other federal law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20. Without waiving any defense asserted herein, Claimant asserts that the defendant property is not subject to forfeiture in that such property was neither used in violation of, derived from, traceable to, or otherwise involved in, any "specified unlawful activity" or any other crime within the meaning of 18 U.S.C. § 1955, § 981(a)(1)(c), 21 U.S.C. § 881, 18 U.S.C. § 1956(c)(7), 18 U.S.C. § 1961(1)(b), or any other applicable federal or state statute.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

21. Without waiving any defense asserted herein, Claimant asserts that the defendant property is not subject to forfeiture in that the forfeiture of any of said property would be disproportionate to any alleged criminal activity within the meaning of 18 U.S.C. § 983(g) and would constitute an excessive fine under the Eighth Amendment to the United States Constitution. *See United States v. Bajakajian*, 524 U.S. 321 (1998).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

22. Claimant's property is the proceeds of lawful earnings.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

23. Without waiving any defense asserted herein, Claimant is an innocent owner of the defendant property within the meaning of 18 U.S.C. § 983(d).

### AS AND FOR A FIRST COUNTERCLAIM

24. Claimant requests costs, pre- and post-judgment interest and attorneys' fees pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. 106-185, 106th Cong. (2000), 114 Stat. 211 (Apr. 25, 2000), and the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

### DEMAND FOR JURY TRIAL

25. Claimant demands trial by jury of each and every claim, defense and counterclaim asserted or to be asserted in this proceeding.

### RESERVATION OF RIGHTS

26. Claimant reserves the right to supplement the foregoing responses in the event that additional information becomes available.

**WHEREFORE,** Claimant **ANDREW R. MAUCIERI** prays this Honorable Court will:

1. **DISMISS** Plaintiff's complaint and enter judgment on behalf of Claimant, directing that Plaintiff take nothing in forfeiture by reason of this action, directing that Plaintiff not be legally entitled to recover any property by reason of forfeiture and directing the release and/or return of all property heretofore seized, attached and/or restrained in which Claimant has an interest;

2. **AWARD** Claimant costs, pre- and post-judgment interest and attorneys' fees pursuant to CAFRA and the EAJA; and

3. **PROVIDE** such other and further relief, both legal and equitable, as the Court deems just and proper.

Dated:     New York, New York
           January 2, 2014

                                          Respectfully submitted,

                                          *Steven L. Kessler*

                                          **STEVEN L. KESSLER**
                                          *Attorney for Claimant*
                                          100 Park Avenue
                                          34th Floor
                                          New York, New York 10017-5516
                                          (212) 661-1500

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

**STEVEN L. KESSLER**, being duly sworn, deposes and says:

I am an attorney duly admitted to practice before the Courts of this State and am the attorney representing Third Party Claimant ANDREW R. MAUCIERI in this proceeding. I have read the foregoing Verified Answer with Counterclaim and Jury Demand and know the contents thereof, upon information and belief, all of which I believe to be true. The reason this Verification is not made by the Claimant is that Mr. Maucieri does not reside within the County of New York, where I maintain my office. The grounds of my knowledge, information and belief are statements made to me by Mr. Maucieri, as well as my review of the pleadings in this case, documents in my file, and documents in the Court file. Further, Mr. Maucieri has already personally executed under oath the Verified Claim in this proceeding, on which the factual allegations in this Verified Answer are based.

_____
STEVEN L. KESSLER

Sworn to before me this
2nd day of January, 2014.

_____
Notary Public

BLAIR A SMITH
Notary Public - State of New York
No. 01SM6282453
Qualified in New York County
My Commission Expires May 28, 2017

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2014, the foregoing Verified Answer with Counterclaim and Jury Demand was served upon all counsel of record by ECF.

*Steven L. Kessler*
Steven L. Kessler